"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ENRIQUE RIVERA,

    Plaintiff,

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

Case No. CV 01-04168 (AN)

ORDER AWARDING ATTORNEY FEES
PURSUANT TO 42 USC § 406(b)

Now pending before the Court and ready for decision is the second amended motion of plaintiff's counsel, Brian C. Shapiro of the Law Offices of Lawrence D. Rohlfing ("Rohlfing") for attorney fees pursuant to 42 U.S.C. § 406(b) in the gross amount of $6,700.00, less the $3,200.00 of EAJA fees previously paid, for a net fee amount of $3,500.00 ("Motion").   The Commissioner filed a response which neither supports nor opposes the Motion[1].

The Court's determination of the Motion is governed by the Supreme Court's recent decision in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002).  There, the Supreme Court resolved a division among the Circuits on the appropriate method of calculating fees

---

[1]    The Commissioner's response addresses Rohlfing's amended motion for attorney fees filed on July 22, 2005, but not the second amended motion for attorney fees filed on July 27, 2005.

under § 406(b).  Rejecting the "lodestar method" which several of the Circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."

535 U.S. at 807, 122 S. Ct. at 1828.

In determining whether the $6,700.00 award sought by Rohlfing is reasonable for the services rendered, the Court has considered the following:

1.     Under the terms of the contingent fee agreement between plaintiff and Rohlfing, Rohlfing would be entitled to fees corresponding to 25% of the back benefits awarded.  Plaintiff agreed to the 25% contingency.  The Court has no basis for finding that there was any fraud or overreaching by Rohlfing  in the making of the contingent fee agreement with plaintiff.

2.     The Court has determined that Rohlfing seeks slightly less than 14% of the back benefits awarded here, which amounts to $6,700.00.   The Commissioner has withheld $12,107.40 from the back benefits payable to plaintiff.  Thus, the $6,700.00 award sought by Rohlfing is well within the 25% "boundary" and considerably less than the total amount of fees that plaintiff agreed to pay Rohlfing under the terms of the contingent fee agreement.

3.     The high quality of the representation provided in this case by Rohlfing is evidenced by the fact that, in the face of an adverse ALJ decision, Rohlfing filed the complaint, and prepared arguments for the parties' joint stipulation.  After the Court's consideration of the parties' contentions, the Court remanded for further administrative proceedings.  On remand, the Commissioner issued a favorable decision and effectuated plaintiff's application for benefits,

1  entitling him to receive $48,429.60 in retroactive benefits under Title II of the Social Security

2  Act.   [Motion, Exhibits 2 and 10.]

3      4.      This is not an instance where, due to excessive delay attributable to plaintiff's

4  counsel, the back benefits accumulated during the pendency of the case in court.

5      5.      According to the economic data provided by Rohlfing, the median hourly rate in

6  2000 for the proprietor of a small law firm of 12 or less attorneys in California was $250.  The

7  upper quartile rate was $288, and the ninth decile (i.e., upper 10%) rate was $336.   For

8  associates, the corresponding rates were $165, $193 and $250. For paralegals, the corresponding

9  rates were $87,  $100 and  $120. [Motion, Exhibit 5.]

10      6.      Rohlfing adjusts these rates for inflation to $366.54, $272.72, and $130.91,

11   respectively.  Although Rohlfing has not presented evidence of the law firm's normal hourly

12   billing charges for non-contingency fee cases, the Court finds that it would not be unreasonable

13  for a law firm having the same degree of experience, expertise and reputation in the legal

14  community as Rohlfing to have normal hourly billing charges in the ninth decile range.  If

15  computed at the ninth decile rates adjusted for inflation the 19.4 hours of attorney time  plus 4.5

16  hours of paralegal time correspond to total hourly fees of $5,879.87. [See Motion at 7:17-21.]

17      7.      The award sought by  Rohlfing is more than the hourly fee figure, but considerably

18  less than the 25% of the retroactive benefit amount.  Indeed,  Rohlfing seeks slightly less than

19  14% of the total retroactive benefit amount.

20      Based  upon  the  foregoing  considerations,  the  Court  finds  and  concludes  that  the

21  $6,700.00 in fees sought by  Rohlfing is reasonable.  The Motion of  Rohlfing for attorney fees

22  pursuant to 42 U.S.C. § 406(b) in the gross amount of $6,700.00 is GRANTED.  Rohlfing has

23  already been paid $3,200.00 in EAJA fees, therefore, Rohlfing is entitled to be paid net fees of

24  $3,500.00.

25      IT IS SO ORDERED.

26

27  DATED:  January 10,  2006_____/s/ Arthur Nakazato_____

28                          ARTHUR NAKAZATO
                            UNITED STATES MAGISTRATE JUDGE